UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS C. GALGANA,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) C.A. No. 17-10924-MLW<br>) |
| WELLS FARGO BANK, N.A.,<br>    Defendant. | )<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    March 29, 2018

I.   INTRODUCTION

This case was filed on March 23, 2017, by plaintiff-mortgagor Thomas C. Galgana against defendant-mortgagee Wells Fargo Bank, N.A. ("Wells Fargo") relating to the anticipated non-judicial foreclosure of plaintiff's home. Galgana's original complaint contains three Counts.[1] First, Galgana alleges that Wells Fargo violated M.G.L. c. 93A §2 ("Chapter 93A") by engaging in predatory lending when he refinanced his mortgage in 2004. More specifically, he alleges that the lender fraudulently inflated his income to qualify him for an adjustable-rate mortgage ("ARM") loan with predatory terms that it knew or should have known he could not afford (Count I). In addition, Galgana asserts claims of

---

[1] The plaintiff's first complaint is labeled "First Amended Verified Complaint and Jury Demand," although it does not appear that the complaint was ever amended. See Docket No. 1-1 ("Compl.").

promissory estoppel and misrepresentation based on statements that Wells Fargo allegedly made in connection with his 2009 ARM loan modification (Count III). Finally, Galgana requests declaratory relief declaring his mortgage loan unenforceable and/or reforming the terms (Count II).

Wells Fargo has moved to dismiss the complaint (the "Motion to Dismiss"). Galgana has filed a motion to amend the complaint (the "Motion to Amend"). For the reasons explained below, the Motion to Dismiss is being allowed because Galgana's claims are time-barred. The Motion to Amend is being denied because it is futile.

II. PROCEDURAL HISTORY

Galgana sued Wells Fargo in Massachusetts Superior Court on March 23, 2017. Wells Fargo removed the case on May 19, 2017, and subsequently filed the Motion to Dismiss. Galgana sought and received an extension of time to respond to the Motion to Dismiss. Instead of opposing the Motion, Galgana moved to amend the complaint. The court denied the motion to amend without prejudice because it did not include a supporting memorandum as required by Rule 7.1(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts. The court then ordered Galgana to file either an opposition to the Motion to Dismiss or a renewed motion to amend the complaint accompanied by a memorandum of law. Plaintiff filed a renewed Motion to Amend with a

2

supporting memorandum. The proposed amended complaint contains the same three substantive counts as the original complaint. Wells Fargo opposes the renewed Motion to Amend, arguing that the amendment is futile because it does not cure the deficiencies in the original complaint.

III. MOTION TO DISMISS COMPLAINT

Wells Fargo moves to dismiss all counts in Galgana's original complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Allegations of fraud, however, must be pled with particularity. See id. at 687 (citing Fed. R. Civ. P. 9(b)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. This pleading standard does not require "detailed factual allegations," but requires "more than labels and conclusions." Twombly, 550 U.S. at 55. Therefore, in deciding a motion to dismiss, the court may disregard "bald assertions,

3

unsupportable conclusions, and opprobrious epithets." In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008). It must, however, accept well-pleaded allegations as true and draw all reasonable inferences in plaintiff's favor. See Penalbert-Roia v. Fortuno-Burset, 631 F.3d 592, 594-95 (1st Cir. 2011). Moreover, the court may consider "documents that are part of or incorporated in the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).

Therefore, the court takes the well-pleaded allegations in Galgana's complaint as true and has considered the exhibits attached to the complaint.

A. Chapter 93A and Recoupment Claims

Count I of the complaint asserts a claim for Chapter 93A violations, which he characterizes as a claim of recoupment in defense to the anticipated non-judicial foreclosure on his home.

Chapter 93A prohibits "unfair or deceptive acts and practices in the conduct of any trade or practice," including predatory lending schemes. M.G.L. c. 93A §2. Under Massachusetts law, "a lender may be liable under G.L. c. 93A for the origination of a home mortgage loan that the lender should recognize at the outset that the borrower is not likely to be able to repay." Drakopoulos v. U.S. Bank Nat'l Ass'n, 991 N.E.2d 1086, 1094 (Mass. 2013) (quotations omitted). Such claims must be brought within four years of when "the cause of action accrues." M.G.L. c. 93A §5A.

Galgana filed this action until March 23, 2017. Therefore, any claim for which the statute of limitations expired before March 23, 2013 is time-barred.

Galgana alleges that Wells Fargo violated Chapter 93A by providing him, in December 2004, with an ARM loan that he could not afford, and that Wells Fargo knew or should have known, based on his tax returns, that he could not afford it.[2] Galgana also alleges that the mortgage broker fraudulently inflated Galgana's income and property value on the loan application to qualify him for the loan, and that Galgana was not aware of the fraud at the time. On December 6, 2004, Galgana signed the ARM loan, which had interest rates and monthly payments that increased over time and allowed for negative amortization (the "2004 loan"). See Compl. Ex. B (Docket No. 20 at 51) (Adjustable Rate Mortgage Note, or "the Note"); Compl. Ex. C (Docket No. 20 at 60) (Truth in Lending Act Disclosure Form, or "the Disclosure Form"). Within a few years, Galgana fell behind on his mortgage payments.

To determine if Galgana's Chapter 93A claim arising from his 2004 loan is timely, the court must determine if his injury accrued

---

[2] The parties agree that Wells Fargo is the successor-in-interest to both World Savings Bank, FSB, and Wachovia Mortgage, FSB, the entities that gave the plaintiff mortgage loans in 2004 and 2009, respectively. Wells Fargo does not deny assuming these lenders' liabilities. Accordingly, the court refers to all of these entities as Wells Fargo for the sake of clarity.

within the limitations period, meaning after March 23, 2013. Massachusetts utilizes a discovery rule for deciding when a claim accrues. See Patsos v. Albany Corp., 741 N.E.2d 841, 846 (Mass. 2001). According to this rule, the limitations period begins "when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed or may have been harmed by the defendant's conduct." In re Sheedy, 801 F.3d 12, 21 (1st Cir. 2015). The rule, therefore, "operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured," which may occur in three circumstances: "where a misrepresentation concerns a fact that was inherently unknowable to the injured party, where a wrongdoer breached some duty of disclosure, or where a wrongdoer concealed the existence of a cause of action through some affirmative act done with the intent to deceive." Patsos, 741 N.E.2d at 84 (quotations omitted).

Accordingly, the injury from a predatory mortgage loan usually occurs at the closing of the sale because on that date the mortgagor "should reasonably have discovered" the harmful terms of the loan. See, e.g., In re Sheedy, 801 F.3d at 20-21 (holding that the Chapter 93A claim based on a 2004 mortgage loan accrued when the transaction closed in April 2004 and, therefore, the statute of limitations expired in April 2008); Salois v. Dime Sav. Bank of N.Y., 128 F.3d 20, 24-25 (1st Cir. 1997) (holding that

claims accrued when plaintiffs signed the loan contracts because the lender did not conceal from plaintiff the facts giving rise to her claim of predatory lending; rather, the "[loan] documents contained all of the information necessary to determine" the interest rate on the loan); cf. Carter v. Countrywide Fin., No. 2:08-cv-13409, 2009 WL 10680541, at *4 (E.D. Mich. Aug. 24, 2009) (denying motion to dismiss where plaintiff alleged lender concealed the terms of the loan from her).

Here, Galgana signed the Note for the 2004 loan on December 6, 2004. He has not alleged any circumstances that would justify tolling of the statute of limitations until a later date. See Patsos, 741 N.E.2d at 84; Compl. Ex. B (the 2004 Note). Galgana does not allege that he was unaware of the terms of the loan when he signed the Note, or that Wells Fargo fraudulently concealed the terms of the loan. Galgana attached to his complaint the Note and the Disclosure Form related to his 2004 loan, which show the interest rates and monthly payment amounts increasing over time. See Compl. Exs. B & C. The Note also provides a formula for calculating future interest rates and states that the monthly payments may increase to include the principal.[3] See Salois, 128

---

[3] Galgana alleges that the Disclosure Form (Compl. Ex. C) contradicts the Note (Compl. Ex. B) because the Disclosure Form does not detail how the monthly loan payments would increase to include principal payments once the unpaid principal reached 125%

7

F.3d at 24-25 (finding no fraudulent concealment where loan documents that plaintiffs signed notified them of the terms of the loan). Although Galgana alleges that the underwriting process was fraudulent and that he never saw the loan application containing the inflated numbers, Galgana does not assert that the allegedly predatory terms of the 2004 loan were unavailable to him. Therefore, under the discovery rule, Galgana's Chapter 93A claim accrued on December 6, 2004 when he signed the Note, and the statute of limitations expired four years later, on December 6, 2008. As this case was not filed until March 23, 2017, his Chapter 93A claim based on the 2004 loan is time-barred.

Galgana also alleges that Wells Fargo violated Chapter 93A in connection with the refinancing of his loan in 2009 (the "2009 loan"). Galgana contends that he contacted the defendant in April 2009 to complain about the terms of his 2004 loan and was offered a loan modification that was predatory as well. Galgana attached to his complaint the 2009 loan modification agreement, dated March 27, 2009, which shows monthly payment amounts and interest rates increasing over time. See Compl. Ex. D (Docket No. 20 at 62) (the

---

of the loan. However, this allegation does not plausibly state a claim of fraudulent concealment or misrepresentation. The Disclosure Form refers the reader to "the Adjustable Loan Program Disclosure Statement" for details on the loan's adjustable rate feature, and the Note provides more detailed information about how to calculate future interest rates and payment amounts.

"Modification Agreement"). Galgana asserts that Wells Fargo knew or should have known he would be unable to afford the 2009 loan based on the income information he provided to it.

However, Galgana's Chapter 93A claim arising from his 2009 loan is also barred by the four-year statute of limitations. Although the exact date that his claim accrued cannot be determined because the Modification Agreement is missing the signature page, Galgana alleges that Wells Fargo sent him the offer on April 2, 2009, and that the parties entered into the agreement "in 2009." Compl. ¶36. The Modification Agreement has a required "Return Date" of April 3, 2009. Therefore, the court infers that the Modification Agreement was executed in about April 2009, which would usually prompt the running of the statute of limitations.

Galgana does not allege that he was unaware of the terms of the 2009 loan when he accepted it. Galgana does allege that "[s]ubsequent to this loan modification in 2009," Wells Fargo "mischaracterize[ed] the loan as a 'fixed term' loan" during negotiations about further modifications. Compl. ¶36. However, the court cannot reasonably infer from this allegation that Galgana was unaware of the terms of the 2009 loan before he accepted it or that Galgana did not discover his injury until a later date. Therefore, even taking all of Galgana's allegations as true, the statute of limitations on his claim relating to the 2009 loan

expired in about April 2013, long before this case was filed in March 2017.

Plaintiff attempts to circumvent the Chapter 93A statute of limitations by characterizing his claims as "a defense in recoupment" to the foreclosure of his home. Recoupment is an equitable "common law doctrine . . . which allows a defendant to 'defend' against a claim by asserting — up to the amount of the claim — the defendant's own claim against the plaintiff growing out of the same transaction." Bolduc v. Beal Bank, SSB, 167 F.3d 667, 672 (1st Cir. 1999). It is "a defensive mechanism" that a defendant can raise "at any time" to offset damages sought by the plaintiff. May v. SunTrust Mortg., Inc., 7 N.E.3d 1036, 1043 (Mass. 2014). Recoupment is ordinarily "permitted only to reduce or eliminate damages, not to gain some other relief." Bolduc, 167 F.3d at 672 n.4. Moreover, non-judicial foreclosure is not a "claim" or "action" against which a homeowner may seek recoupment. See In re DiVittorio, 670 F.3d 273, 289 n.12 (1st Cir. 2012); Hooley v. Bank of N.Y. Mellon, No. 15-cv-13441, 2016 WL 8710450, at *1-3 (Apr. 15, 2016) (Talwani, J.) (dismissing homeowner's Chapter 93A claim "asserted defensively in recoupment" against lender in response to lender's non-judicial foreclosure efforts); Kelly v. Deutsche Bank Nat. Tr. Co., 789 F. Supp. 2d 262, 266-67 (D. Mass. 2011) (Stearns, J.) (dismissing homeowner's untimely state law claim against mortgagor brought "in recoupment" to

prevent foreclosure proceedings). Therefore, as the plaintiff, Galgana cannot affirmatively assert a claim of recoupment against Wells Fargo in response to the anticipated non-judicial foreclosure on his home.

B. <u>Promissory Estoppel and Misrepresentation Claims</u>

Count III asserts a claim of promissory estoppel relating to Galgana's 2009 loan and subsequent failed attempts to obtain another modification. A claim for promissory estoppel requires that: "(1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." <u>Carroll v. Xerox Corp.</u>, 294 F.3d 231, 242 (1st Cir. 2002) (quoting <u>Loranger Constr. Corp. v. E.F. Hauserman Co.</u>, 374 N.E.2d 306, 308 (Mass. App. Ct. 1978), <u>aff'd</u>, 384 N.E.2d 176 (Mass. 1978)). Claims of promissory estoppel are subject to a six-year statute of limitations, unless equitable tolling applies. <u>See</u> M.G.L. c. 260 §2; <u>Salois</u>, 128 F.3d at 25.

Here, Galgana alleges that he was induced to enter into the 2009 loan by Wells Fargo's promise - or misrepresentation - that if he entered into the loan and made payments for one year, Wells Fargo would provide him with a new modification loan with a fixed monthly payment and interest rate of 3%. Galgana further alleges

that he reasonably relied on the promise, and entered into the loan and made payments. Yet, Wells Fargo allegedly refused to further modify his loan and then began efforts to foreclose when he fell behind on his payments. Galgana claims he has suffered financial harm in the form of lost property value, a higher principal balance, and the risk of foreclosure, among other injuries.

For Galgana's promissory estoppel claim to be timely, however, it must have accrued within six years of the time at which the complaint was filed, meaning no earlier than March 23, 2011. Ordinarily, "a cause of action [] accrues at the time of the plaintiff's injury, or, in the case of a breach of contract, at the time of the breach." Salois, 128 F.3d at 25. Galgana seeks relief based on an alleged promise or misrepresentation that was made in 2009 and then broken no later than 2010, when Wells Fargo failed to offer Galgana another loan modification after he paid the 2009 loan for one year. On these facts, Galgana's promissory estoppel claim is time-barred. He has not pled facts that would allow the inference that he could not reasonably have discovered his injury until after March 23, 2011, or any facts that would allow equitable tolling of the start of the limitations period. See id.; Patsos, 741 N.E.2d at 84. To the contrary, Galgana alleges that he made several requests to Wells Fargo for another modification after entering into the 2009 loan, and that Wells

12

Fargo refused his requests. Wells Fargo's refusals "put [him] on notice" that it did not intend to keep its alleged promise. Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 326 n.10 (1st Cir. 2008). When "the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." Id. at 320. Therefore, Galgana's promissory estoppel claim is time-barred.

Count III also includes a claim of misrepresentation, based on the same conduct underlying Galgana's promissory estoppel claim. As indicated earlier, Galgana alleges that in about April 2009, Wells Fargo induced him to sign the 2009 loan by misrepresenting that it would offer him another loan modification, this time with a fixed interest rate, after he made one year of payments under the 2009 loan. Galgana also alleges that sometime after the 2009 loan was executed, Wells Fargo "mischaracterize[ed] the loan as a 'fixed term' loan during the modification review process." Compl. ¶36.

"To state a claim for fraud or misrepresentation, [plaintiff] must allege, inter alia, that he reasonably relied upon a representation of the defendant to his detriment." Carroll, 294 F.3d at 243. Fraud and misrepresentation claims are subject to a three-year statute of limitations. See M.G.L. c. 260 §2A; Cambridge Plating Co., Inc. v. Napco, Inc., 85 F.3d 752, 761 (1st

Cir. 1996). Therefore, to be timely, Galgana's misrepresentation claim must have accrued within three years of when the complaint was filed, or sometime after March 23, 2014. As explained earlier, Galgana's allegations do not permit the court to infer that his claims concerning the 2009 loan accrued after the Modification Agreement was signed in about April 2009. Therefore, his fraud and misrepresentation claims concerning the 2009 loan are time-barred.

Galgana's claims relating to subsequent discussions he allegedly had concerning a possible further modification are also not actionable. As indicated earlier, Galgana alleges that Wells Fargo characterized his loan as "a 'fixed term' loan during the modification review process." Compl. ¶36. The court infers this was after April 2009, and sometime after Wells Fargo was assigned the loan. However, there are no allegations that permit the reasonable inference that the alleged misrepresentation concerning the nature of the loan occurred after March 23, 2014, three years before this case was filed. Therefore, this misrepresentation claim is time-barred. In addition, Galgana does not allege that he relied to his detriment on the alleged mischaracterization of his loan as "fixed term." Nor can this be reasonably inferred from the complaint. Therefore, Galgana has not alleged a misrepresentation claim concerning whether or not he had a "fixed

term" loan on which relief can be granted. See Carroll, 294 F.3d at 243.

### C. Declaratory Judgment

In Count II of his complaint Galgana seeks a declaratory judgment, pursuant to M.G.L. c. 231A §1, that his current mortgage loan is unenforceable because the underwriting process was fraudulent and the terms of the loan are predatory. He alternatively seeks to reform the terms of the loan. M.G.L. c. 231A §1 states that the court may issue declaratory relief "in any case in which an actual controversy has arisen and is specifically set forth in the pleadings." Therefore, "[i]n order for a court to entertain a petition for declaratory relief, an 'actual controversy' sufficient to withstand a motion to dismiss must appear on the pleadings." Mass. Ass'n of Independent Ins. Agents & Brokers, Inc., v. Comm'r, 367 N.E.2d 796, 799 (Mass. 1977) (quoting M.G.L. c. 231A §1). An "actual controversy" requires:

> a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation.

Bunker Hill Distrib., Inc. v. Dist. Attorney for Suffolk Cty., 379 N.E.2d 1095, 1098 (Mass. 1978) (quotations omitted). It is not enough "for a plaintiff to simply find a defendant who disagrees

15

on some point of law." Bonan v. City of Bos., 496 N.E.2d 640, 644 (Mass. 1986). Rather, the plaintiffs must "demonstrat[e] that they are entitled to [a] declaration of rights." Id. at 642.

Here, Galgana has not shown that he has any legal rights or timely claims to assert. His Chapter 93A, promissory estoppel, and misrepresentation claims are all time-barred. Further, he has not alleged sufficient facts demonstrating that either the 2004 or 2009 loan is unenforceable, or that he is entitled to reformation of the loan terms. Although he alleges that the 2004 loan application was fraudulent, any fraud or misrepresentation claims based on the underwriting are also barred by the three-year statute of limitations. See Salois, 128 F.3d at 24. Therefore, Galgana has not "demonstrate[ed] that [he is] entitled to [a] declaration of rights." Bonan, 496 N.E.2d at 642.

In view of the foregoing, Wells Fargo's Motion to Dismiss Counts I, II, and III of the complaint is being allowed.

IV. MOTION TO AMEND THE COMPLAINT

Rather than opposing Wells Fargo's Motion to Dismiss, Galgana filed a renewed Motion to Amend his complaint. Motions to amend the pleadings are governed by Federal Rule of Civil Procedure 15. Because Galgana filed his Motion to Amend more than twenty-one days after service of the Motion to Dismiss, leave of court is required. See Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely give[n] . . . when justice so requires." Id. Leave should

be granted unless there is an "apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). When considering the futility of an amendment, the court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

Here, Galgana's amendment would be futile. The proposed amended complaint asserts the same three counts as the original complaint. See Docket No. 21-1 ("Proposed Amended Complaint"). The Proposed Amended Complaint does not allege new or different facts that could revive Galgana's time-barred claims. More specifically, the Proposed Amended Complaint only adds allegations that: Galgana's principal balance has increased to $228,395.12; his escrow account is $46,820.27 in the negative; and he has overpaid $149,976.00 in monthly payments. It does not alter the allegations relevant to the statute of limitations analyses. Furthermore, in his memorandum in support of the Motion to Amend, plaintiff does not argue for equitable tolling of any of the limitations periods. Instead, Galgana reasserts his theory that

he may seek recoupment against Wells Fargo based on its ongoing attempted non-judicial foreclosure of the mortgage. However, for the reasons explained earlier, the defense of recoupment is not available to Galgana in this case. See <u>Bolduc</u>, 167 F.3d at 672 & n.4.

V. ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss the Complaint (Docket No. 11) is ALLOWED.

2. Plaintiff's Motion to Amend Complaint (Docket No. 21) is DENIED.

3. Judgment shall enter in favor of Wells Fargo.

                                           /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE